UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BRADLEY HAYS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15CV93 HEA |
| | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's application for disability insurance benefits under Titles II of the Social Security Act (Act), 42 U.S.C. §§ 401-434. For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's applications.

### Facts and Background

On November 19, 2013, Administrative Law Judge Robert J. Burbank conducted a hearing in Topeka, Kansas. Plaintiff appeared by video to testify from Poplar Bluff, Missouri. Ms. Jennifer Schmitt, the vocational expert, testified at the hearing as well. Plaintiff was born on October 19, 1958 and was 55 years old at the time of the hearing. Plaintiff completed the 12th grade but did not receive a

diploma, as he was deficient in credit hours. Plaintiff has past work experience as an over the road truck operator.

Plaintiff testified that he has dizzy spells and is unable to work a full eight hour day. The last time he worked as an over the road trucker was in 2007. He further testified that he has shortness of breath, heart arrhythmia and hyperthyroidism. He can stand 20 to 30 minutes without having to sit. Plaintiff stated he can walk 20 to 30 minutes before getting dizzy. As to shortness of breath he noted that some work around the house can cause that to occur. As of the date of the hearing Plaintiff testified that his condition has gotten a little worse since 2011. He spends most of the day at home, sitting and watching television.

The ALJ heard testimony from Jennifer Schmitt, a vocational expert. The Vocational Expert testified there are no sedentary truck driving jobs available and that there were no skills transferable at the sedentary level from the truck driving job.

The ALJ concluded that the Plaintiff had the medically determinable impairments of history of vertigo, hypothyroidism, and cardiac arrhythmia and further concluded that Plaintiff was not under a disability.

The Appeals Council denied Plaintiff's request for review on March, 25, 2015. The decision of the ALJ is now the final decision for review by this court.

## Statement of Issues

The issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact by the ALJ are supported by substantial evidence on the record as a whole. The issue in this case is whether the ALJ properly determined Plaintiff had no severe impairments at step two of the sequential evaluation process.

## Standard For Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)

(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. Id... At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**RFC**

A claimant's Residual Functional Capacity (RFC) is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence,

5

including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

(1) the claimant's daily activities;

(2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;

6

(3) any precipitating or aggravating factors;

(4) the dosage, effectiveness, and side effects of any medication; and

(5) the claimant's functional restrictions.

Although the ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant evidence, a claimant's RFC is a medical question. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir.2001) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir.2001)). Therefore, an ALJ is required to consider at least some supporting evidence from a medical professional. See *Lauer*, 245 F.3d at 704 (some medical evidence must support the determination of the claimant's RFC); *Casey v. Astrue*, 503 F .3d 687, 697 (the RFC is ultimately a medical question that must find at least some support in the medical evidence in the record). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." *Id*. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*.

7

Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

## ALJ Decision

The ALJ here utilized the five-step analysis as required in these cases. The ALJ determined at Step One that Plaintiff had not engaged in substantial gainful activity through the date last insured, December 31, 2011. The ALJ found at Step Two that Plaintiff had the medically determinable impairments of history of vertigo, hypothyroidism, and cardiac arrthymia. At Step Three, the ALJ found that Plaintiff did not suffer from an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months; therefore the claimant did not have a severe impairment or combination of impairments (20 CFR 404.1521 *et seq.*).

The ALJ, therefore, found Plaintiff not disabled, and denied the benefits sought in the Application.

## Judicial Review Standard

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id*. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" Id. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)).

Courts should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006). The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and conclusions" of the Social Security Administration. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## Discussion

Plaintiff claims the ALJ did not properly determine Plaintiff had no severe impairments at step two of the sequential evaluation process. This provides only one issue for consideration and evaluation of the decision of the ALJ.

The record before the ALJ allowed and supported the finding of the ALJ that Plaintiff had medically determinable impairments consisting of a history of vertigo, hypothyroidism, and cardiac arrhythmia. However, the ALJ determined that Plaintiff's impairments or combination of impairments did not significantly limit his ability to perform basic work-related activities for 12 consecutive months and, therefore, he did not have a severe impairment or combination of impairments. This is the gravamen of Plaintiffs consternation over the opinion of the ALJ. Plaintiff asserts that the ALJ erred in determining that vertigo was not a severe impairment and erred in evaluating the credibility of his alleged impairments and limitations in doing so.

What is a severe impairment? A severe impairment is an impairment or combination of impairments that significantly limits a claimant's physical or mental ability to perform basic work activities without regard to age, education, or work experience. *See* 20 C.F.R. § 404.1520(c). Of course, Basic work activities encompass the abilities and aptitudes necessary to perform most jobs. Included are physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; and mental functions such as understanding, performing, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work situation. *See* 20 C.F.R. § 404.1521(b).

The record as reviewed and utilized by the ALJ is fully demonstrable with substantial evidence in support of the matter of the ALJ findings. On the issue of the history of vertigo, Plaintiff reported symptoms of lightheadedness, lasting only a few seconds. Even though Dr. Bosley diagnosed vertigo in June 2010, the ALJ noted that he did not perform any objective testing such as MRI, ENG, VNG, or Dix-Hallpike testing. Plaintiff also did not follow up with a specialist for vertigo, and there are no further complaints of dizziness or medical treatment for this condition prior to December 31, 2011, Plaintiff's date last insured.

Plaintiff suggests that his vertigo, or dizziness was great enough to warrant conclusion as a severe impairment, however the record reviewed and reflecting Dr. Bosley's June 2010, treatment records and a medical statement indicating vertigo symptoms were not severe enough that Plaintiff could not work . On June 18, 2010, Plaintiff reported that he was not taking anything for dizziness. When Plaintiff appeared for treatment on July 13, 2010, at Ripley County Family Clinic, the doctor included dizziness in his diagnoses, but Plaintiff denied any acute problems at that time. In addition, Girish Bhatt, M.D., saw Plaintiff in October 2010, and noted Plaintiff's history of atypical dizziness and included dizziness as a diagnosis, but noted that Plaintiff was asymptomatic at that time. Plaintiff also reported that he never experienced any fainting spells and a neurological examination, including sensory, motor, and coordination functions, was normal.

The ALJ also noted that Plaintiff did not receive any emergency treatment or inpatient treatment for symptoms of dizziness or related symptoms such as injuries from falls due to dizziness. The Eighth Circuit has consistently held that allegations of a disabling impairment may be properly discounted because of inconsistencies such as minimal or conservative medical treatment. *See Loving v. Dept. of Health & Human Services*, 16 F.3d 967, 970 (8th Cir. 1994); *Robinson v. Sullivan*, 956 F.2d 836, 840 (8th Cir. 1992); *Nelson v. Sullivan*, 946 F.2d 1314, 1317 (8th Cir. 1991).

The ALJ considered and gave significant weight to Dr. Bosley's June 28, 2010, statement that Plaintiff's symptoms of vertigo were not severe enough to prevent him from working. Dr. Bosley also did not set forth any specific work-related limitations in the June 28, 2010 statement. *See Young v. Apfel*, 221 F.3d 1065, 1069 (8th Cir. 2000) (citing *Brown v. Chater*, 87 F.3d 963, 964-65 (8th Cir. 1996) (lack of significant restrictions imposed by treating physicians supported the ALJ's decision of no disability)).

The Eighth Circuit has stated that "[w]e defer to the ALJ's evaluation of [a claimant's] credibility, provided that such determination is 'supported by good reasons and substantial evidence, even if every factor is not discussed in depth.'" *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014)(quoting *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006) and *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001)). In this regard the ALJ noted in his findings :

> [t]he undersigned finds that there is medical evidence of vertigo, hypothyroidism, and arrhythmia during the relevant period. However, the claimant made few complaints of associated symptoms from these conditions with little, if any, medical workup for his complaints. The claimant's allegations of severe symptoms from these impairments are belied by his minimal treatment and the lack of significant diagnostic testing. Accordingly, the undersigned finds that none of the claimant's alleged impairments were severe during the relevant period.

The ALJ's clear and specific opinion is supported by substantial evidence in the record, and therefore must be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 18th day of May, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE